**Davis & Davis**
**Attorneys at Law**
**1350 Connecticut Ave., NW, Suite 202**
**Washington, D.C. 20036**
**(202) 234-7300 [phone]**
**(202) 830-0056 [fax]**

March 11, 2021

The Honorable Deborah K. Chasanow
United States District Court Judge
U.S. District Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland  20770

      Re:    *United States of America v. Donte Dingle*
              Criminal Case No.:  DKC 19 cr 0204

Dear Judge Chasanow:

      I write to request, with Mr. Dingle's consent, that his sentencing be continued until the Fourth Circuit rules in the matter captioned *United State v. Richard Green*, Court of Appeals Docket #: 19-4703.  Mr. Dingle has been classified as a career offender in the final PSR.  The issue is whether his Hobbs Act Robbery convictions and/or his 924 (c) convictions predicated on his Hobbs Act Robbery convictions count as crimes of violence under § 4B1.2 force clause.[1]  This is the issue that is pending before the Fourth Circuit in *Green,* argued in January.  The argument is that Hobbs Act robbery does not qualify under § 4B1.2 force clause because it can be violated by threatening property rather than a person.  See also, *United States v. Eason,* 953 F.3d 1184 (11th Cir. 2020); *United States v. Camp*, 903 F.3d 594 (6th Cir. 2018); *United States v. O'Connor,* 874 F.3d 1147 (10th Cir. 2017); *United States v. Rodriguez,* 770 Fed. Appx. 18 (3d Cir. 2019) *United States v. Hunt*, No. JKB-15-0369 (D. Md. May 14, 018); *United States v. Mayo,* ELH-18-0617 (D. Md. Feb. 4, 2020).

      In the event the Court decides to move forward with sentencing, I simply want to alert the Court to this issue for planning purposes well in advance of the sentencing.  This issue will be briefed in advance of sentencing, but a decision in Green could greatly simply the sentencing.  As an alternative, the matter could be kept on the calendar until we get close to the sentencing date, in the event *Green* is decided by April 22, 2021.

---

[1] Application note 1 to §4B1.2 states that if the underlying predicate to the 924 (c) does not count as a crime of violence, then the 924 (c) is not a crime of violence. "*A violation of 18 U.S.C. § 924(c) or § 929(a) is a "crime of violence" or a "controlled substance offense" if the offense of conviction established that the underlying offense was a "crime of violence" or a "controlled substance offense."*

      I apologize for the last-minute nature of this request.  However, I do believe this issue has to be resolved for it does have a substantial impact on Mr. Dingle's guideline calculation.  I thank you in advance for your time and consideration.

      Very truly yours,

*Christopher M. Davis*

Christopher M. Davis