**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **:** |
| | **:** |
| **v.** | **: CRIM. NO. DKC 19-0204** |
| | **:** |
| **DONTE DINGLE** | **:** |

**MEMORANDUM IN AID OF SENTENCING**

Donte Dingle, by his attorney, Christopher M. Davis, hereby submits the following memorandum in aid of sentencing in this matter. Pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) as delineated in *Rita v. United States*, 127 S. Ct. 2456 (2007), *Kimbrough v. United States*, 128 S. Ct. 558 (2007), *Gall v. United States*, 128 Ct. 586 (2007) and *Nelson v. United States*, 555 U.S. 338 (2009), Mr. Dingle respectfully requests the Court to impose a sentence of twenty-eight years, the mandatory minimum required by law. Mr. Dingle submits that the requested sentence is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. §3553. Sentencing is currently scheduled for June 23, 2021.  In support of this request, counsel states:

**FACTUAL BACKGROUND**

1.  On February 20, 2020, Donte Dingle was charged in a ten count Superseding Indictment with Count One, Hobbs Act Robbery Conspiracy, in violation of 18 U.S.C. § 1951(a); Counts Two, Four, Six, and Eight, Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a); Counts Three, Five, Seven, and Nine, Using, Carrying, and Brandishing a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c); and Count Ten, Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1).

1

Count One occurred between on or about June 6, 2018 and continuing to on or about July 12, 2018, in the District of Maryland. Counts Two and Three occurred on or about June 6, 2018, in the District of Maryland. Counts Four and Five occurred on or about June 21, 2018, in the District of Maryland. Counts Six and Seven occurred on or about July 5, 2018, in the District of Maryland. Counts Eight and Nine occurred on or about July 12, 2018, in the District of Maryland. Count Ten occurred on or about July 20, 2018, in the District of Maryland.  In total, the perpetrator took approximately $10,000 from the four stores.  Following a trial by jury before this Court, Mr. Dingle was found guilty on all counts.

2.  Donte Dingle will be 48 years old on 8th of July.  He is neither a career criminal (sentencing guidelines) nor an armed career criminal (ACCA).  He has been in custody since his arrest by the state authorities on July 20, 2018 (released to federal custody on June 3, 2019).[1]

3.  Paragraph 7 of the Pre-Sentence Report (PSR) states that a victim in the Ridgeway robbery suffered a fractured neck.  Mr. Dingle submits the record does not support a finding that the perpetrator of these robberies inflicted physical injury on anyone.

**GUIDLINE CALCULATIONS**

4.  The PSR writer arrives at a total offense level of 28, with a criminal history category of IV, and a guideline range of 110 to 137 months.  PSR at ¶87.  Mr. Dingle objects to the 4-point enhancement for infliction of "serious bodily injury" referenced in ¶ 27.  He submits that the record does not support this enhancement.  See 1B1.1 at application note 1 (M).  Removing this 4-point enhancement results in an offense level of 24, with a category IV criminal history,

---

[1] It warrants noting that the offense referenced in ¶ 66 of the PSR was dismissed by the state but recharged by the federal government as part of the instant case for which Dingle now stands convicted.

and a guideline range of 77 to 96 months.[2]

## ARGUMENT

5. Mr. Dingle asks that the Court impose the statutory mandatory minimum of 336 months (28 years) in this case as, given his advanced age when eligible for release, such a sentence would be sufficient but not greater than necessary to comply with the purpose of sentencing as set forth in § 3553(a). Dingle will be well over 70 at this point in his life, and continued incarceration would serve no reasonable purpose.

6. The era of binding guidelines ended fifteen years ago, when the Supreme Court held that "the Federal Sentencing Reform Act of 1984…ma[de] the Guidelines effectively *advisory*." *United States v. Booker*, 543 U.S. 220, 245 (2005) (emphasis added). Under *Booker*, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 264 (citing *See* 18 U.S.C. §§ 3553(a)(4), (5)). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the Supreme Court in *Booker* held that courts must consider <u>all</u> the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

7. Several years after *Booker*, the Supreme Court made clear that the "Court's overarching duty" is to "'impose a sentence sufficient, but not greater than necessary,'" *Pepper v. United States*, 562 U.S. 476, 493 (2011) (quoting 18 U.S.C. § 3553(a)), to comply with "the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation," *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017); *see also* 18 U.S.C. § 3553(a)(2). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants

---

[2] At a base offense level of 28, Dingle's actual guidelines become 446 months to 473 months, after the four 7-year statutory mandatory minimums are added to his calculation. PSR at ¶¶ 85-86. Removing the 4-point enhancement referenced above, his guidelines become 420 to 441 months.

with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)).

8.   The support for Dingle's sentencing request is indisputably supported when one takes into consideration his age at the projected time of release - deterrence will be a non-issue at age 70 plus. Age itself will be a biological deterrent.   This is evident before one acknowledges the abundant empirical support that criminal defendants simply age out over time.  See, U.S.S.C., *The Effects of Aging on Recidivism Among Federal Offenders* (Dec 2017) at Part 6, pages 22 – 27, *available at*:

https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf

And the need to protect the public will likewise be diminished for the same reason.

9.   Though Mr. Dingle has a checkered criminal history, it is far from the worst of the worst.  He does maintain a close relationship with his mother and does not have a history of physically harming people.   Yet the sentence he would receive, even limiting it to the statutory minimum, rivals that imposed on most violent criminal defendants.  The offense of Hobbs Act Robbery is serious, no doubt. But Dingle's behavior in this case does not warrant the equivalent of a life sentence.  And the fact remains that the driving force of the punishment he faces comes from the fact that he exercised his right to trial, after having rejected a 20-year plea.

10.   To put into perspective the unreasonableness of the exposure Mr. Dingle now faces, one only need review the statistics collected by the Sentencing Commission.   Robbery cases with a 924 (c) conviction resulted in an average sentence of 163 months.  And in 42.4% of those cases, the defendants

received a variance from the sentencing guidelines.  See, Ex. 1.   Mr. Dingle's exposure is 336 months

if this Court imposes a variance to the statutory mandatory minimum, which results in a sentence more

than twice that of similarly situated defendants.

11.  In reviewing a sentence, an appellate court must first ensure that the district court made no

significant procedural errors and then consider the sentence's substantive reasonableness under an abuse-

of-discretion standard, taking into account the totality of the circumstances, including the extent of a

variance from the guideline range.  Due deference is given to the district court's decision that the

§3553(a) factors justify the variance. *United States v, Gall*, 128 S. Ct. 586 (2007).  (*citing United States

v. Booker*, 543 U.S. 220, 260 (2005).

## CONCLUSION

In light of all of the arguments presented and such other reasons that may be discussed at the

sentencing hearing in this matter, Mr. Dingle respectfully requests that he be sentenced to a term of

336 months, a term of imprisonment that is "sufficient, but not greater than necessary, to comply with

the purposes" set forth in 18 U.S.C. §3553.

Respectfully submitted,

_____ /S/_____
Christopher M. Davis   #23441

Davis & Davis
1350 Connecticut Ave., NW
Suite 202
Washington, DC 20004
(w) (202) 2234-7300
(fax) (202) 830-0056

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this motion was served on all counsel of record via the ECF

system on this 7th day of June 2021.

_____/S/_____
Christopher M. Davis