IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

    v. : Criminal No. DKC 19-204

DONTE LAMONT DINGLE :

**MEMORANDUM OPINION**

Donte Dingle filed a pro se motion requesting, in advance of the expiration of the one-year period of limitation for filing a petition under 28 U.S.C. § 2255, an extension of that period. (ECF No. 125). The motion recites that papers needed in order to prepare a motion to vacate were not moved with him when he was transferred from FCI McKean to FCI McDowell.

This court lacks jurisdiction to consider the request for an extension of time because, until such a petition is filed, there is no case pending in which to consider an extension. *United States v. Sites*, 2021 WL 276704, at * 2 (N.D.W.Va. January 27, 2021). As stated in that opinion:

> In order for the Court to have jurisdiction to rule on a motion such as this, the motion must be either: (1) filed with or after a § 2255 petition, or (2) construed as a § 2255 petition itself. *See Green v. United States*, 20 F.3d 78, 83 (2nd Cir. 2001) (noting that "where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in

>   some instances may be required ... to treat that motion as a substantive motion for relief"); *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (noting that the limitation period for a § 2255 motion is subject to equitable tolling where a prisoner has been precluded from compliance due to circumstances external to his own conduct). Where a motion to seeking to extend contains allegations sufficient to support a claim under 28 U.S.C. § 2255, it may be construed as a § 2255 motion. *United States v. Curry*, 213 F.3d 633 (Table), 2000 U.S. App. LEXIS 8744, 2000 WL 524811 (4th Cir. 2000) (unpublished).

Thus, the court has no authority to grant an extension for a § 2255 motion and the current motion is not sufficient to be considered as a substantive motion for relief.

The current motion will be denied. Mr. Dingle should file what he can in a timely fashion, and then request permission to supplement the petition. The Clerk will be directed to send Mr. Dingle a form and instructions for filing such a motion. A separate order follows.

                                    /s/
                          DEBORAH K. CHASANOW
                          United States District Judge

2