```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                                    :
UNITED STATES OF AMERICA
                                    :
    v.                              :  Criminal No: DKC-19-204
                                       (Rel. Civil No.: DKC-24-1657)
                                    :
DONTE LAMONT DINGLE
                                    :
```

**MEMORANDUM OPINION**

Presently pending and ready for review is the government's unopposed motion for an order directing the former counsel for Donte Lamont Dingle ("Petitioner" or "Mr. Dingle") to provide information concerning Petitioner's claim of ineffective assistance of counsel and an order holding government's response in abeyance. (ECF No. 139). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the government's motion will be granted in part.

I. **Background**

On October 20, 2020, Mr. Dingle was convicted by a jury of ten offenses arising from four armed robberies. (ECF No. 78). On June 23, 2021, he was sentenced to thirty years in prison followed by five years of supervised release. (ECF No. 108). Mr. Dingle appealed, and the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment on January 30, 2023, and the mandate issued March 6, 2023. (ECF Nos. 118, 121).

On June 6, 2024, Mr. Dingle filed a motion to vacate, set aside, or correct his conviction under 28 U.S.C. § 2255 due to ineffective assistance of counsel. (ECF No. 130). Mr. Dingle alleges that his trial counsel, Christopher Davis ("Mr. Davis"), provided ineffective assistance of counsel because, among other things, Mr. Davis failed to convey plea offers to him, failed to interview relevant witnesses, failed to handle properly "inflammatory and prejudicial testimony" from a government witness, and failed to request that government witnesses be sequestered. (ECF Nos. 130, at 4-5; 132, at 4-61). On June 14, 2024, and June 20, 2024, Mr. Dingle filed supplements to his motion. (ECF Nos. 132, 133).

The court directed the government to file a response (ECF No. 131) and granted the government an extension until October 14, 2024, to file its response. (ECF No. 135). On October 9, 2024, the government filed a motion to compel Mr. Dingle's former attorney, Mr. Davis, to provide an affidavit "regarding the facts of the representation" at issue. (ECF No. 139). The government also requested another extension to respond to Mr. Dingle's claims, asking the court for 30 days from the time any affidavits are submitted. (ECF No. 139).

Although ample time has been provided, neither Mr. Dingle nor Mr. Davis has filed a response to the government's motion. In its motion to compel, the government states that the government

2

attempted to secure an affidavit from Mr. Davis, but Mr. Davis "has been advised not to provide an affidavit." (ECF No. 139 ¶ 3).

## II.  Analysis

The government argues that it needs specific information from Mr. Davis in order to respond to Petitioner's § 2255 motion. (ECF No. 139, 139-1 ¶ 2).  In support of its motion, the government asserts that Petitioner waived attorney-client privilege by filing the § 2255 motion.  (ECF No. 139 ¶ 6).  The government urges the court to rely on its decision in *Butler v. United States*, No. 12-cr-0116-DKC, 2016 WL 1427090 (D.Md. Apr. 12, 2016) and decisions from other courts in the circuit, directing a former counsel to file an affidavit in response to a petitioner's claim of ineffective assistance of counsel.  (ECF No. 139 ¶ 5).

This court has previously found that "habeas petitioners raising claims of ineffective assistance of counsel waive the attorney-client privilege as to those communications that are relevant to the specific allegations of ineffective assistance." *Butler*, 2016 WL 1427090, at *2 (collecting cases).

Moreover, a court in this district has ordered a petitioner's prior defense counsel to file an affidavit in response to a § 2255 ineffective assistance of counsel claim even when the defense counsel did not wish to submit an affidavit.  See *Stokes v. United States*, No. 18-CR-0316-ELH, 2019 WL 6341650, at *3-4 (D.Md. Nov. 27, 2019).  In *Stokes*, Judge Hollander vacated a prior broad order

3

directing a prior defense counsel to file an affidavit in response to a petitioner's § 2255 ineffective assistance of counsel claim. *Id.* at *4. Judge Hollander instead ordered the prior defense counsel to file a more limited affidavit that only included information that was necessary to respond to petitioner's claims. *Id.*

By filing his § 2255 motion alleging ineffective assistance of counsel, Petitioner waived the attorney-client privilege as to the communications with Mr. Davis relevant to the specific allegations he included in his motion.

Nevertheless, the waiver of privilege is limited, and "'the [c]ourt retains authority to issue a protective order governing production of the privileged information, including the method by which currently undisclosed communications will be' shared." *Butler*, 2016 WL 1427090, at *3 (quoting *Harris v. United States*, No. 3:14-CR-00042-01, 2016 WL 236988, at *3 (S.D.W.Va. Jan. 19, 2016)). "The disclosures 'should supply the basic information required by the United States to allow it to respond to [Petitioner's §] 2255 motion while simultaneously ensuring a reasonable limitation on the breadth of the waiver of the attorney-client privilege.'" *Butler*, 2016 WL 1427090, at *3 (quoting *Harris*, 2016 WL 236988, at *3).

Accordingly, this court will order Mr. Davis to file an affidavit responding to Petitioner's ineffective assistance of

4

counsel claims. "The affidavit shall contain all of the information that Mr. [Davis] believes is necessary to respond fully to Petitioner's claims and shall include as attachments copies of any documents from his file specifically addressing the matters raised by Petitioner in his § 2255 motion." *Butler*, 2016 WL 1427090, at *3 (citing *Harris*, 2016 WL 236988, at *3).

Mr. Davis should only disclose information "reasonably necessary to ensure the fairness of these proceedings." *Id.* (quoting *Harris*, 2016 WL 236988, at *3). If any documents address other aspects of Mr. Davis's representation of Petitioner, Mr. Davis may redact them. Additionally, this court will issue a protective order "prohibiting the subsequent and unfettered use" of the information, "and the attorney-client privilege 'shall not be deemed automatically waived in any other [f]ederal or [s]tate proceeding by virtue of' the disclosure ordered here." *Id.* (quoting *Harris*, 2016 WL 236988, at *4).

### III. Conclusion

For the foregoing reasons, the government's motion to compel will be granted in part. A separate order will follow.

                                                                   /s/  
                                      DEBORAH K. CHASANOW  
                                      United States District Judge